**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **In re:**<br><br>**JARED M. BRINKMEYER,**<br><br>**Debtor.** | **Case No. 26-40053-357**<br><br>**Chapter 13** |

## MEMORANDUM OPINION

When Debtor Jared Brinkmeyer converted his Chapter 7 bankruptcy case to Chapter 13, Chapter 7 Trustee Tracy Brown requested approximately $1,500 as an administrative expense for the time and effort she devoted to recovering assets for the benefit of creditors. In the order converting the case, I invited parties in interest to address whether a Chapter 7 trustee may be compensated for services provided before a case is converted to another chapter.

This issue typically arises when a Chapter 7 trustee identifies unencumbered, non-exempt assets, prompting the debtor to convert the case to a chapter in which the debtor retains control of those assets. Although unsecured creditors benefit from the Chapter 7 trustee's investigative efforts, the case usually converts before the trustee has an opportunity to recover or liquidate the assets. Because a trustee's compensation generally is based on the amount of money distributed to creditors, some courts have concluded that a trustee is not entitled to compensation in this scenario. Others, emphasizing the strong equitable claim of an outgoing Chapter 7 trustee, have concluded that other statutory provisions permit compensation.

I have identified this issue previously. *See In re Shelby*, 664 B.R. 255, 264 (Bankr. E.D. Mo. 2024) (discussing split of authority and lack of precedent in this District). I concluded that it was not necessary for me to resolve the issue in *Shelby*, because the trustee in that case had not yet filed an application for compensation. As it turns out, he never did.

This case also does not present an opportunity to answer the question in its most challenging form, because the Chapter 7 Trustee's entitlement to fees here turns on an unusual fact: during her relatively short tenure, she collected more than $13,000 in cash, which she paid over to the Chapter 13 Trustee after conversion. Even under the most restrictive

interpretation of a Chapter 7 trustee's rights in a converted case, this payment justifies the modest fee sought by the Trustee in this case.

## I. Background

The Debtor filed a voluntary Chapter 7 petition on January 7, 2026. On March 11, the Chapter 7 Trustee filed a notice informing parties in interest that she had recovered assets that could be available for distribution to creditors. The Debtor filed an amended motion to convert the case to Chapter 13 on June 9, suggesting that the United States Trustee was preparing to pursue dismissal of the case for abuse under Section 707(b) of the Bankruptcy Code.

Although the Chapter 7 Trustee did not oppose conversion of the case, she requested that any conversion order be conditioned on the payment of her fees and expenses from the funds she had on hand. At the time, the Chapter 7 Trustee had collected $13,468.98 on behalf of the bankruptcy estate. After paying a modest banking charge, she eventually turned over $13,454.59 to the Chapter 13 Trustee.

The Trustee seeks compensation in the amount of $1,080.00 for 5.9 hours of work and expenses in the amount of $395.75, for a total payment of $1,475.75. She requests that her fees be allowed and paid as an administrative-expense claim under Section 503(b)(1)(A), which includes "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A).

At the hearing, the Chapter 7 Trustee and the Chapter 13 Trustee argued in favor of the Chapter 7 Trustee's request for compensation. The United States Trustee did not oppose the request.

## II. Analysis

### A. Relevant Bankruptcy Code Provisions

No single section of the Bankruptcy Code governs the rights of a Chapter 7 trustee to compensation when a case is converted to Chapter 13.

Section 1326(b)(3) of the Bankruptcy Code comes closest. It provides a complex formula for the payment of a former Chapter 7 trustee's compensation under a Chapter 13 plan if the trustee "has been allowed compensation due to the conversion or dismissal of the debtor's prior case pursuant to section 707(b), and some portion of that compensation remains unpaid in a case converted to this chapter." 11 U.S.C. § 1326(b)(3). One possible interpretation of this language is that a Chapter 7 trustee may not recover anything under a

Chapter 13 plan in any other context. But Congress added a curiously worded provision at the end of Section 1326, emphasizing that "compensation referred to in subsection (b)(3) . . . is payable in a case under this chapter only to the extent permitted by subsection (b)(3)." 11 U.S.C. § 1326(d)(1)-(2). If Congress had intended to preclude other Chapter 7 trustees from recovering in Chapter 13, it might have said instead that "*compensation to a chapter 7 trustee* is payable in a case under this chapter only to the extent permitted by subsection (b)(3)." Section 1326(b)(3) is thus best understood as governing how a Chapter 7 trustee's compensation is paid in one situation, not whether a trustee may be paid anything in other situations. Indeed, it would be extraordinary if the possibility of compensation for a Chapter 7 trustee turned on whether the debtor converted the case voluntarily in anticipation of a Section 707(b) abuse motion (as here) or only after litigating a Section 707(b) motion unsuccessfully (as contemplated by Section 1326(b)(3)).

Section 1322(a)(2) is another possible source of compensation for a Chapter 7 trustee. That section requires a Chapter 13 plan to pay in full all priority claims allowed under Section 507. 11 U.S.C. § 1322(a)(2). Section 507(a)(2) allows, as a priority claim, "administrative expenses allowed under section 503(b)." *Id.* § 507(a)(2). In turn, Section 503(b)(2) provides that "compensation and reimbursement awarded under section 330(a)" is considered an administrative expense. *Id.* § 503(b)(2). And Section 330(a)(1) states that a court may allow a trustee to be paid "reasonable compensation for actual, necessary services" and "reimbursement for actual, necessary expenses." *Id.* § 330(a)(1)(A)-(B). Thus, if the Chapter 7 Trustee's fees and expenses are allowed under Section 330, they must be paid through the Debtor's Chapter 13 plan.

Section 330(a)(7) states that "[i]n determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on section 326." 11 U.S.C. § 330(a)(7). Section 326 limits compensation of trustees in several chapters. *See id.* § 326. A Chapter 7 trustee's compensation may not exceed a percentage of "all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor." *Id.* § 326(a). The court may award a lower fee if the trustee's request is not reasonable or if services were not actually and necessarily provided, under the standards of Section 330(a). *See* 3 *Collier on Bankruptcy* ¶ 330.02[1] (16th ed. 2026) ("The maximum compensation payable to trustees is set forth in section 326, although that section does not create a statutory entitlement to the maximum compensation."). Therefore, whether and how a Chapter 7 trustee can be paid is determined by Sections 326 and 330.

These Code provisions, however, do not clarify whether a Chapter 7 trustee can be paid in a converted case or how to calculate the fees if they are allowed. *See In re Philips*, 507

B.R. 2, 5 (Bankr. N.D. Ga. 2014). This confusion has fostered a deep split in the case law, which I will discuss next. *See id*.

### B. Varying Approaches of Bankruptcy Courts

At the hearing, the Chapter 7 Trustee asserted that it is common practice for trustees to be reimbursed fees and expenses in converted cases, citing to a few cases from this District. However, the awards in all of those cases either concerned professionals retained by the trustee or were ambiguous. *See In re Jones*, No. 17-43478 (Bankr. E.D. Mo. Sept. 14, 2017) (requiring payment to law firm where Chapter 7 trustee and attorney representing him both worked); *In re Manning*, No. 17-45408 (Bankr. E.D. Mo. Jan. 29, 2018) (allowing administrative expense claim of trustee's retained law firm); *In re Moore*, No. 19-44402 (Bankr. E.D. Mo. Nov. 5, 2019) (granting trustee administrative expense claim for fees of lawyers and broker).[1] A trustee's professionals are not subject to the limits imposed by Sections 330(a)(7) and 326(a). *See Shelby*, 664 B.R. at 264. Indeed, I have already approved the fees and expenses of the Chapter 7 Trustee's outside counsel in this case. But the Chapter 7 Trustee did not retain herself or her firm to represent her in this case; she seeks compensation in her role as trustee.

Outside of this District, courts have adopted at least six rationales for compensating or declining to compensate a Chapter 7 trustee in a converted case, which "tend to fall into three main categories: some cases hold that the amount payable is zero when the trustee has made no disbursements; others hold that the [Section 326(a)] cap simply does not apply to a case that is no longer a case under Chapter 7; still others hold that the cap applies but it is calculated based on funds distributed by *any* trustee after conversion to Chapter 13." *Philips*, 507 B.R. at 5.

Courts in the first category hold that a Chapter 7 trustee may not receive any payments, except for the $120 provided for in Section 330(b), in a converted case if the trustee has not disbursed funds pre-conversion. *See* 11 U.S.C. § 330(b)(1)-(2); *Philips*, 507 B.R. at 5. These courts cite "the plain language of Section 326(a)," which limits compensation to a percentage of funds disbursed by the trustee. *In re Silvus*, 329 B.R. 193, 208 (Bankr. E.D. Va. 2005). Public policy disfavors this interpretation, which could "create a perverse incentive for a chapter 7 trustee to discourage conversion and keep cases in chapter 7." *In re Pivinski*, 366 B.R. 285, 290

---

[1] There also are two opinions of the Eighth Circuit Bankruptcy Appellate Panel in which the Panel mentions that a Chapter 7 trustee had been awarded compensation in a converted case, but each appeal was dismissed for lack of jurisdiction. *See In re Robb*, 534 B.R. 354, 356 (B.A.P. 8th Cir. 2015); *In re Little*, 253 B.R. 427, 429 (B.A.P. 8th Cir. 2000).

(Bankr. D. Del. 2007). A Chapter 7 trustee also might be disincentivized to spend significant time discovering assets for the estate if there were no chance of compensation beyond the $120 fee of Section 330(b). *See id.*

Other courts have determined that Section 330(a)(1), not Section 326, governs after a case has been converted from Chapter 7 to Chapter 13. *See, e.g.*, *In re Bartlett*, 590 B.R. 175, 178 (Bankr. D. Mass. 2018); *In re Cummings*, 659 B.R. 895, 905 (Bankr. D.N.M. 2024). Because Section 326(a) does not apply to Chapter 13 trustees, these courts reason that Section 326(a) no longer limits the compensation of a Chapter 7 trustee after conversion to Chapter 13. *See Cummings*, 659 B.R. at 904. The cases following this interpretation conclude, with little explanation, that Section 330(a)(7), which cross-references Section 326, also does not apply in a converted case, or they ignore Section 330(a)(7) altogether. *See id.* at 905 (determining that Sections 326 and 330(a)(7) do not apply in Chapter 13 cases); *Bartlett*, 590 B.R. 175 (no discussion of Section 330(a)(7)).[2] The reasoning underlying these cases has been criticized for "ignor[ing] the language of the Code which evidences that Congress intended to place limits on trustee compensation." *Philips*, 507 B.R. at 6; *see also In re Staker*, 667 B.R. 556, 562 (Bankr. S.D. Ohio 2025) ("To allow compensation based on § 330(a)(1), the court has to ignore the addition of § 330(a)(7) through BAPCPA that requires 'reasonable compensation' to be analyzed under § 326 for a Chapter 7 trustee.").

Courts in the last category will allow a Chapter 7 trustee to be compensated based on the distributions made to creditors by the Chapter 13 trustee. *See Philips,* 507 B.R. at 6. Looking to the last provision of Section 326(a), which states that the trustee's compensation will be a percentage of funds distributed "by the trustee to parties in interest," these cases impute the funds disbursed after conversion by the Chapter 13 trustee to the earlier-serving Chapter 7 trustee or interpret "trustee" to include the Chapter 13 trustee in a converted case. *See* 11 U.S.C. § 326(a); *In re Hages*, 252 B.R. 789, 794 (Bankr. N.D. Cal. 2000); *In re Rodriguez*, 240 B.R. 912, 915 (Bankr. D. Colo. 1999). However, the language of Section 326(a) is most naturally interpreted as a cap based on "distributions made by the trustee who is to be

---

[2] A related group of cases reaches the same result by applying *quantum meruit* principles. *See Pivinski*, 366 B.R. at 289–90. These courts seek to reward a trustee for discovering assets even when the trustee does not distribute the assets and thus would not be eligible for compensation under Section 326(a). *See In re Washington*, 232 B.R. 814, 816 (Bankr. S.D. Fla. 1999) ("[E]ven upon a conversion to Chapter 13, Chapter 7 trustees and their attorneys should be entitled to compensation for services rendered which benefit the bankruptcy estate, if those services are reasonable and necessary."). Many of these cases predate the enactment of Section 330(a)(7), with its cross-reference to Section 326, in 2005. *See* Pub. L. No. 109-8, 119 Stat. 23, § 407 (2005).

compensated—and not a subsequent trustee." *Philips*, 507 B.R. at 7. This interpretation is thus difficult to reconcile with the language of the statute.

### C. Resolution of This Dispute

As noted above, this is an unusual case. The Chapter 7 Trustee did not merely identify assets of the bankruptcy estate; she collected some of them and converted them into cash. After the case was converted, she paid the funds to the Chapter 13 Trustee for distribution to creditors.

The Section 326(a) formula allows a Chapter 7 trustee to be compensated based on "all moneys disbursed or turned over . . . to parties in interest, excluding the debtor." 11 U.S.C. § 326(a). In a case that is fully administered in Chapter 7, this language generally refers to the trustee's disbursements to creditors. In many converted cases, there are no such monies.

But the Chapter 7 Trustee in this case turned over more than $13,000 to the Chapter 13 Trustee. The Code does not define "parties in interest" as the phrase is used in Section 326(a). Because the Chapter 13 Trustee "has standing to be heard on issues in the case and [s]he will disburse money to creditors," I conclude that the Chapter 13 Trustee is a party in interest for this purpose. *Philips*, 507 B.R. at 7; *see also In re Moffet*, 455 B.R. 718, 721 (Bankr. N.D. Iowa 2011) (Chapter 13 trustee is party in interest for purposes of plan confirmation); *In re White*, 542 B.R. 762, 771 n.28 (Bankr. E.D. Va. 2015) (Chapter 13 trustee is party in interest for purposes of moving to convert case). The Chapter 7 Trustee, therefore, may be compensated based on the funds she provided to the Chapter 13 Trustee.

Under the statutory formula, the Chapter 7 Trustee's compensation is capped at $2,095.46.[3] The analysis, however, does not end there; the awarded fees also must be reasonable, actual, and necessary. *See* 11 U.S.C. §§ 326(a), 330(a)(1); 3 *Collier on Bankruptcy* ¶ 330.02[1] (16th ed. 2026). The Chapter 7 Trustee seeks payment of fees in the amount of $1,080.00, well below the Section 326(a) cap, and reimbursement of expenses totaling $395.75. Having reviewed the supporting details attached to the Motion, I conclude that the requested fees and expenses were reasonable and necessary for the discovery and collection of estate assets. I thus will approve the Trustee's requested fees and expenses under Sections

---

[3] Section 326(a) provides that a trustee's fees are capped at 25% of the first $5,000 plus 10% of any amount above $5,000 but less than $50,000. 11 U.S.C. § 326(a). Because the Chapter 7 Trustee turned over $13,454.59, that calculation is: (25% x 5,000) + (10% x 8,454.59) = $2,095.46.

326 and 330 and allow the Trustee to recover these expenses as an administrative expense pursuant to Section 503(b)(1)(A).

## III. Conclusion

For these reasons, I will enter a separate order awarding the Chapter 7 Trustee an administrative-expense claim in the amount of $1,475.75.

Dated: August 26, 2026
St. Louis, Missouri
cjs

Brian C Walsh

Brian C. Walsh
United States Bankruptcy Judge